Fred Yazdi
T.D.C.J. # 01896185
Ellis Unit
1697 FM 980
Huntsville, TX 77343

May 30, 2015

Ms. Linda Icenhauer-Ramirez, Esq.
Attorney & Counselor at Law
1103 Nueces
Austin, TX 78701

Re: Fred Yazdi v. State of Texas
    * Trial Court Cause No.: 12-0204-K26, in the 26th District Court
      of Williamson County
    * Third Court of Appeals Cause No.: 03-13-00794-CR

RECEIVED
JUN 01 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Dear Ms. Icenhauer-Ramirez:

As you are aware by the copy of my May 04, 2015, Motion to Extend Time for Filing the Appellant's Reply Brief, that was mailed to the Third Court of Appeals, I respectfully requested the aforementioned court to allow us extra time to file the essential, and much needed, Reply Brief, in light of what the Williamson County District Attorney's office argued in their brief. (as I had predicted in my January 09, 2015, letter mailed to you by Certified Mail, they argued the so-called YOUNGBLOOD standard of the need to show some "Bad Faith" by the Law Enforcement).

Ms. Icenhauer-Ramirez, through one of your responses to my unwavering and steadfast declaration to you that I am innocent of charge of Murder, and that I was wrongfully charged and convicted of the same, in no uncertain terms, you made it clear to me how little credence you afforded me, and to my appellate cause, by stating, "shooting a man in the back is not self defense." With all due respect, I find it necessary to state that obviously you were not present on location at the moment that I was forced to fire my weapon because had you been there, you would certainly know that I did not shoot the assailant/intruder in his back. Furthermore, please be advised that a person's body does not remain still, and changes position(s) as he/she gets shot, especially by the very powerful

1 of 7

.40 caliber projectiles. This is particularly the case when the person shot is in a fast moving/rotating motion situated on top of a 4 foot high Wrought Iron fence turning towards me, with his right arm extended, with what appeared to be a gun in his right hand.

The intruder/assailant therefore, left me, the half sleep, terrorized homeowner and family man, no choice but to shoot to stop him believing he was about to fire what I preceived to be his gun at me, in the dark of night. Ms. Icenhauer-Ramirez, as you know, I had to fight very hard with the 26th District Court and seemingly, the Williamson County District Attorney's office to have them to <u>even</u> appoint me a Court Appointed Appellate Attorney. Had it not been for the efforts of Mr. Hampton, one of my trial's paid defense lawyers, and the Honorable <u>visiting</u> Judge Burt Richardson, who had been assigned my <u>very high profile case</u>, coming from outside of Williamson County, this appeal's process would have been long extinguished by the Williamson County's judicial authorities.

But, as reluctant as you may be to effectively assist me, who you mistakenly believe to be guilty of Murder, I ask you for the sake of my two young sons, ages 13 and 11 now, to please help this **100% Disabled Veteran of the Armed Forces of the United States**, who served America with honor, to be my effective advocate, as it is your professional and constitutional duty. I know that as an **IRANIAN**, how hated I am by most Americans. After all, review the actions or <u>claimed</u> inactions of three or more veteran homicide detectives of the Austin Police Department. They want the system of justice to believe that none of them had any inclination to perform a simple and elementary fingerprint and palm print test of my home's front entry door. (Just one example amongst many). They want the system of justice to believe that their crime scene Investigators had no inclination of the <u>importance</u> of performing any of the same. Additionally, under cross-examination, <u>they claimed</u> that they did not know why they failed to obtain

those and other exculpatory evidences. (BAD FAITH)

Well, I know why they went out of their way to describe a Marijuana Joint/Roach as a "Rolled up Cigarette." Why Austin police detectives claimed that they failed to fingerprint and palm print my home's front entry door. If a reasonable jurist does not believe that Austin's police veteran homicide detective's animus toward me, an **IRANIAN**, had anything to do with it, then allow me to suggest denying the defendant the Legal Capability to argue the protections afforded to Texas homeowners, and others, by the Texas legislature, in the 2007 expanded **CASTLE DOCTRINE** law, as an additional motive. One may say that all of this is pure speculation on my part. Does Austin Police Department want a reasonable jurist to believe that three or more veteran homicide detectives, and a team of crime scene Investigators all suffered from a **collective amnesia** about how to perform basic police and detective work at the scene of a homicide? (BAD FAITH).

Was it not one of those veteran homicide detectives that went out of his way to mischaracterize an important piece of evidence in Austin police possession (Marijuana Joint/Roach) as an unimportant "Rolled up Cigarette" on his official police report? (BAD FAITH) And then claimed that the said evidence had not been tested, and that it was destroyed, making it unavailable for the defendant to have it tested? (BAD FAITH). A reasonable jurist can clearly, and objectively find **a pattern of concerted effort** by these detectives and Investigators to hide exculpatory evidence(s) from me, the **IRANIAN** defendant/appellant. (unpleasant reality in **Post 9/11 U.S.A.**)

Ms. Icenhauer-Ramirez, I hope that you are willing to place your erroneous personal feeling(s) aside, about my guilt, and help me with the essential, and much needed, Appellant's Reply Brief in order to effectively represent my interest(s) as your court-appointed client. I believe that the level of harm that I suffered from in Judge Richardson's unwillingness

to provide the "Spoliation" of evidence instruction to the jury, is more that just "**some**" harm; it is "**Egregious**."

Some applicable research that may assist you with the <u>essential</u>, and <u>much needed</u>, Appellant's Reply Brief:

① According to the United States Supreme Court:
"Arguments of Counsel cannot substitute for instructions by the court."
Taylor v. Kentucky, 436 U.S. 478, 98 S.Ct. 1930.

② According to the Court of Criminal Appeals of Texas:
"Jury argument is not a substitute for a proper jury charge."
Arline v. State, 721 S.W. 2d 348.

"Arguments of Counsel cannot substitute for proper jury charge."
Hutch v. State, 922 S.W. 2d 166.

③ Bad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. Ex parte Napper, 322 S.W. 3d 202 (Tex. Crim. App. 2010).

④ We first consider whether the trial court committed charge error as appellant asserts. Ngo v. State, 175 S.W. 3d 738. Should we find error, we then determine whether appellant was harmed to a degree warranting reversal. Almanza v. State, 686 S.W. 2d 157. In the face of a proper objection to charge error, we will reverse on a finding of "some harm" to the defendant. Id. Absent a proper objection, we reverse only if the record shows the defendant sustained "egregious harm." Id. Egregious harm results from charge error that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.

Stuhler v. State, 218 S.W. 3d 706. If we find charge error, the egregious harm analysis requires we consider the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, as well as all other relevant information shown by the record. Nava, 415 S.W. 3d 289.

As U.S. Supreme Court's Justice Stevens explained, "there may well be cases in which the defendant is unable to prove that the State acted in bad faith but in which the loss or destruction of evidence is nonetheless so critical to the defense as to make a criminal trial fundamentally unfair." Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333.

Since Youngblood was decided, a number of state courts have held as a matter of State Constitutional Law that the loss or destruction of evidence critical to the defense does violate due process, even in the absence of bad faith. As the Connecticut Supreme Court has explained, "fairness dictates that when a person's liberty is at stake, the sole fact of whether the police or another state official acted in good or bad faith in failing to preserve evidence cannot be determinative of whether the criminal defendant received due process of law." State v. Morales, 232 Conn. 707, 723, 657 A. 2d 585, 593 (1995). See also State v. Furguson, 2 S.W. 3d 912, 916 - 917 (Tenn. 1999); State v. Osakalumi, 194 W. Va. 758, 765 - 767, 461 S.E. 2d 504, 511 - 512 (1995); State v. Delisle, 162 Vt. 293, 309, 648 A. 2d 632, 642 (1994); Ex parte Gingo, 605 So. 2d 1237, 1241 (Ala. 1992); Commonwealth v. Henderson, 411 Mass. 309, 310 - 311, 582 N.E. 2d 496, 497 (1991); State v. Matafeo, 71 Haw. 183, 186 - 187, 787 P. 2d 671, 673 (1990); Hammond v. State, 569 A. 2d 81, 87 (Del. 1989); Thorne v. Department of Public Safety, 774 P. 2d 1326, 1330 (Alaska 1989).

Ms. Icenhauer-Ramirez, In case you do not wish to effectively represent me by filing the Appellant's Reply Brief, please let me know that, as fast as you possibly can. I will be very thankfull if you would, at least, be kind enough to file a Motion to Extend Time for Filing the Appellant's Reply Brief with the Third Court of Appeals; I would be very appreciative of a copy of the same. If you would, please let me know how many times can such Extention Motions or Requests be applied for. Most importantly, as I'm indigent, please have a copy of my trial's Reporter's Record, or at least, its pertinent pages sent to me so I can quote the correct pages for the Reply Brief. Alternatively, as you are already aware of the arguments that I'm trying to make, just the names of the detectives, Investigators, and pages that are pertinent to my arguments will probably suffice. I thank you again for your help.

Sincerely,

FRED YAZDI, Appellant

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was(were) sent as indicated this day to each of the following:

**Appellant's court-appointed Attorney**

U.S. Mail

Ms. Linda Icenhauer-Ramirez, Esq.
Attorney & Counselor at Law
1103 Nueces
Austin, TX 78701

**Klerk of Third Court of Appeals**

U.S. Mail

Honorable Jeffrey D. Kyle
klerk
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, TX 78711-2547

**Appellate District Attorney for Williamson County**

U.S. MAIL

Mr. John C. Prezas
Assistant District Attorney
405 Martin Luther king, Box 1
Georgetown, TX 78626

May 30, 2015
Date

Fred Yazdi, Appellant

7 of 7

U.S. POSTAGE
PAID
AUSTIN,TX
78729
MAY 30,15
AMOUNT
**$1.19**
0010229-03

UNITED STATES
POSTAL SERVICE.

1000        78711

Ellis unit
1697 FM 980
Huntsville, TX 77343

Honorable Jeffrey D. Kyle
klerk
Court of Appeals
Third District of Texas
P.o. Box 12547
Austin, TX 78711-2547